# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 18, 2012

## STATE OF TENNESSEE v. ERIC A. MARTIN

**Appeal from the Circuit Court for Franklin County**
**No. 19470     Thomas W. Graham, Judge**

---

**No. M2011-02296-CCA-R3-CD - Filed May 24, 2012**

---

A police sergeant stopped a vehicle driven by appellant, Eric A. Martin, for violation of Tennessee Code Annotated section 55-4-110(b), the statute requiring a vehicle license plate to be maintained free from foreign materials and in a clearly legible condition. He then determined that appellant was driving with a revoked driver's license. A grand jury indicted appellant for driving on a cancelled, suspended, or revoked license and driving on a cancelled, suspended or revoked license, seventh offense. Appellant pled guilty to driving on a revoked license, fifth offense. Pursuant to the plea agreement, the trial court sentenced appellant to eleven months twenty-nine days and revoked his driver's license for one year. The trial court suspended all of the sentence except for twenty days and placed appellant on probation. As a condition of the plea agreement, appellant attempted to reserve the right to appeal a certified question of law challenging the constitutionality of Tennessee Code Annotated section 55-4-110(b). Following our review, we conclude that appellant failed to certify a question of law that is dispositive of the case. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

B. Jeffery Harmon, District Public Defender, and Robert G. Morgan, Assistant District Public Defender, Jasper, Tennessee, for the appellant, Eric A. Martin.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; J. Michael Taylor, District Attorney General; and William B. Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 9, 2010, at 11:40 p.m., Randy Wildes, a sergeant in the Dechard Police Department, observed a red Toyota driven by appellant traveling on Highway 127. Sergeant Wildes could not read the information on the vehicle's license plate because it had oil or dirt on it. He stopped appellant's car pursuant to Tennessee Code Annotated section 55-4-110(b) and determined that appellant was driving with a revoked driver's license.

Following indictment by the grand jury for driving on a cancelled, suspended, or revoked license and driving on a cancelled, suspended or revoked license, seventh offense, appellant entered a guilty plea to the offense of driving on a revoked license, fifth offense. Appellant attempted to certify a question of law regarding the constitutionality of the statute that was the basis for his traffic stop.

The special conditions part of the judgment form and Attachment "A" indicate that appellant pled guilty pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, attempting to reserve as a certified question of law: Whether Tennessee Code Annotated section 55-4-110(b), regarding the display of vehicle license plates, is unconstitutionally vague and overbroad in that it fails to establish sufficient guidelines for determining that a tag is "maintained free from foreign materials and in a condition to be clearly legible" and permits authorities too much discretion. Tennessee Code Annotated section 55-4-110(b), provides as follows:

> Every registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which it is issued so to prevent the plate from swinging and at a height of not less than twelve inches (12) from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible. No tinted materials may be placed over a license plate even if the information upon the license plate is not concealed.

Rule 3(b)(2) of the Tennessee Rules of Appellate Procedure permits a defendant to plead guilty while reserving the right to appeal a certified question of law that is dispositive of the case. In doing so, a defendant must also comply with the requirements of Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. Rule 37 outlines the following requirements:

> (i)     the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the

certified question of law that the defendant reserved for appellate review;

(ii)      the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii)     the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv)     the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. App. 37(b)(2)(A)(i)-(iv).

Our courts have explicitly defined the prerequisites to an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the

-3-

question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Bowery*, 189 S.W.3d 240, 245 (Tenn. Crim. App. 2004) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)). The *Preston* requirements are mandatory. *Bowery*, 189 S.W.3d at 245-46 (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Failure to comply with the requirements results in dismissal of the appeal. *Id.* (citing *Pendergrass*, 937 S.W.2d at 837). Our supreme court has made clear that strict compliance with *Preston* is required:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003).

One requirement of a properly certified question is that "'the defendant, the state, and the trial court are of the opinion that the certified question of law is dispositive of the case.'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (quoting Tenn. R. Crim. P. 37(b)(2) (A)(iv)). The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *Dailey*, 235 S.W.3d at 134 (alteration in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never dispositive when this court may exercise the option to reverse and remand. *Wilkes*, 684 S.W.2d at 667. This court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). The appellate court must make an independent determination that the certified question is dispositive. *Id.* at 135 (citing *Preston*, 759 S.W.2d at 651). Thus, the issue becomes whether

-4-

"*the record on appeal* demonstrates how [the certified] question is dispositive of the case." *Id.* (citing *Preston*, 759 S.W.2d at 651) (emphasis in original).

Traffic stops constitute seizures, entitling a vehicle's occupants to the full protections of the United States and Tennessee Constitutions. *Whren v. United States*, 517 U.S. 806, 809-10 (1996); *State v. Brotherton*, 323 S.W.3d 866, 870 (Tenn. 2010); *State v. Pulley*, 863 S.W.2d 29, 30 (Tenn. 1993). Thus, law enforcement must act reasonably when initiating a traffic stop. *Whren*, 517 U.S. at 809-810. In other words, authorities must have at least an "articulable and reasonable suspicion" to believe that a traffic violation has occurred when they initiate a traffic stop. *Brotherton*, 323 S.W.3d at 870 (quoting *Whren*, 517 U.S. at 810). "Reasonable suspicion exists when 'specific and articulable facts . . . taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). "An investigatory traffic stop under *Terry* 'is a far more minimal intrusion [than an arrest pursuant to probable cause], simply allowing the officer to briefly investigate further. If the officer does not learn facts rising to the level of probable cause, the individual must be allowed to go on his way.'" *Id.* (quoting *Illinois v. Wardlow*, 528 U.S. 119, 126 (2000)).

Our supreme court has explained that reasonable suspicion is "a particularized and objective basis for suspecting the subject of a stop of criminal activity." *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). Applying the "reasonable suspicion" standard, our supreme court has held that it is constitutionally permissible to stop a vehicle for an equipment violation in Tennessee. *State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000) (approving this court's holding that a violation of the license plate light law, Tennessee Code Annotated section 55-9-404, created a reasonable suspicion to warrant a traffic stop).

The record on appeal indicates that Sergeant Wildes executed a traffic stop of appellant's vehicle due to an equipment violation. The traffic stop, in and of itself, was constitutional. After conducting a brief investigation, the officer learned that appellant was driving on a revoked license. The question that appellant attempted to certify as dispositive is whether the statute, under the authority of which the officer stopped appellant, is constitutional.

We do not find the certified question presented to this court to be dispositive of the case at trial. Appellant challenges the constitutionality of the statute, Tennessee Code Annotated section 55-4-110(b), as being vague and overbroad. Because, as noted above, traffic stops are constitutionally equivalent to seizures, it is logical to extend by analogy our supreme court's holding in *State v. Huddleston,* 924 S.W.2d 666, 673 (Tenn. 1996). In *Huddleston*, the Tennessee Supreme Court emphasized that the United States Supreme Court refuses to apply the exclusionary rule to arrests or searches made in good faith reliance on

a facially valid statute. *Id.* (internal citations omitted). We adhere to the binding precedent of the United States Supreme Court and our supreme court. In this case, Sergeant Wildes made a traffic stop based on a facially valid statute.

Moreover, while this court has not specifically addressed the constitutionality of Tennessee Code Annotated section 55-4-110(b), the United States Court of Appeals for the Sixth Circuit and the Tennessee Court of Appeals have considered the propriety of stops made pursuant to the statute. *See Weaver v. Shadoan*, 340 F. 3d. 398, 407-08 (6th Cir. 2003) (officer had reasonable suspicion to stop appellant and was justified in conducting ordinary traffic stop; officer believed that appellant's registration was either invalid or improperly displayed behind tinted windows) (internal citations omitted); *J.R. Boling v. City of Pigeon Forge*, No. E2007-01652-COA-R10-CIV, 2008 WL 4366119, at *7 (Tenn. Ct. App. Sept. 22, 2008) (initial stop pursuant to Tennessee Code Annotated section 55-4-110(b) was "legally proper" when appellant's temporary license tag was obscured by tinted windows, notwithstanding the fact that the tag was valid). Indeed, both the Tennessee state courts and the United States Court of Appeals for the Sixth Circuit have approved of traffic stops made pursuant to section 55-4-110(b) of Tennessee Code Annotated. The statute is facially valid. We need not reach the question of whether the statute at issue is unconstitutionally vague or overbroad because it is not dispositive of the case. Because the question is not dispositive, it is not a properly certified question of law.

For the foregoing reasons, we dismiss the appeal.

_____
ROGER A. PAGE, JUDGE

-6-