IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 2014

**STATE OF TENNESSEE v. TRAVIS MEADOWS**

**Appeal from the Criminal Court for Putnam County**
**No. 10-0402     David Alan Patterson, Judge**

**No. M2013-01646-CCA-R3-CD - Filed December 5, 2014**

Appellant, Travis Meadows, pleaded guilty to two counts of attempted aggravated sexual battery, Class C felonies. The trial court sentenced him to four years on each count, to be served consecutively, for an effective eight-year sentence. The effective eight-year sentence was suspended, and appellant was placed on supervised probation. As part of the plea agreement, appellant reserved a certified question of law challenging the denial of his motion to suppress. On appeal, appellant argues that the State failed to include the certified question in the judgment form and filed the judgment form without notice to appellant; therefore, the State violated the terms of the plea agreement. Appellant also argues that the trial court erred by denying his motion to suppress his statement to law enforcement due to the coercive and misleading nature of the interrogation. Following our review of the briefs, the record, and the applicable law, we dismiss appellant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

Robert L. Vogel, Knoxville, Tennessee, for the appellant, Travis Meadows.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Randall A. York, District Attorney General; Gary McKenzie, Deputy District Attorney General; and Douglas E. Crawford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

Appellant was indicted on three counts of rape of a child, three counts of aggravated sexual battery, and one count of attempted rape of a child. At appellant's guilty plea submission hearing on two counts of attempted aggravated sexual battery, the State explained that the factual bases underlying appellant's convictions were that between June 22, 2006, and August 2007, appellant "took his hands and touched [the seven-year-old[1] victim] in the genital area, as well as he attempted to penetrate her. . . . There is some issue on penetration or not. . . . And that is why, after much negotiation with defense counsel, we arrived where we are." The court accepted appellant's plea.

Prior to the guilty plea submission hearing, appellant filed a motion to suppress his statement made to law enforcement at a Department of Children's Services facility after the initial allegations were made by the victim. Appellant argued that appellant, who was at the time a minor, and his parents were not fully informed of appellant's *Miranda* rights and that the interview was conducted under false pretenses. Appellant argued that he was told that the interview was only for the purpose of understanding what occurred and getting him help if necessary, not for the purpose of building a case against him. However, after hearing the testimony at the motion to suppress hearing and watching the recording of appellant's interview, the trial court denied appellant's motion to suppress his statement.

Appellant attempted to reserve a certified question of law regarding the trial court's denial of the motion to suppress his statement when he pleaded guilty. It is clear from the record that both the State and the trial court were aware of appellant's intent in this regard. However, at the guilty plea submission hearing, the trial court acknowledged that if this court were to reverse the trial court's decision, there may be "some further sentencing" afterward. The State explained at the hearing that it was "silent as to whether [the certified question was] dispositive or not." Furthermore, appellant's plea petition referenced and incorporated the State's formal plea offer letter, which stated:

> 5. The State will agree to send up the certified question on the admission/confession issue. The State will not agree that is it [sic] dispositive as you stated in your letter dated February 1, 2013.

---

[1] Testimony from the motion to suppress hearing indicates that the victim was seven years old when the crimes occurred.

6. The State will not agree to a dismissal of the charge in the event of the appeals court overturns the trial court on the admission/confession issue.

7. The State will agree that if you win at the appellate level, our offer will be to plea to one count of Sexual Battery with a sentencing hearing. . . . This offer by the State would be subject to continued negotiation if you wish BUT only after a decision by the appeals court. You would be under no obligation to accept this offer of Sexual Battery but the State would be bound to offer it.

At the conclusion of the guilty plea submission hearing, the prosecutor and defense counsel stated that the wording of the certified question of law had not yet been finalized, and the trial court cautioned appellant that it would be up to him to properly draft the certified question of law and lodge it with this court. Defense counsel stated:

Actually[,] I have written a proposed certified question and sent it to the D.A.'s Office. I'm sure that they'll want to have some editorial influence on that, but I think we're on the way to do that. That of course has to be attached to the final judgment in this matter. And so we'll have that before the court certainly in time for the final judgment to be entered.

But it is in essence based on this court's resolution of the suppression hearing in which this court determined that his statements would be admissible in a trial of this matter. And if we are correct in our argument, then my understanding of the procedure, what will happen is that it will be remanded back to this court, . . . the charges being pled today will be set aside and that the state is going to want [] the E felony and then this court will determine again the mode of service of that. So potentially we could have two sentencing hearings if we're successful on appeal.

On the other hand, if it goes against us, then what [appellant] is pleading to today is what he's going to serve and live with for the rest of his life.

On the day prior to the sentencing hearing, defense counsel filed a proposed addendum to the judgment that contained a draft of the certified question of law. However, at the sentencing hearing, the trial court, referring to the filed addendum, stated:

There's a question that is going to be rephrased before the court signs it. We've talked about that before we went on the record. It has to do with custodial interrogation as to whether or not those words will be used. And

prior to signing, the state and the defense attorney will have signed those and present those to the court. We've talked through the way that that, words that may be struck from what it is now and how it is likely to come to the court when the defendant asks for the case to be appealed with a certified question.

However, the judgment forms were submitted to the trial court and filed on November 26, 2013, without any reference to the certified question of law. Prior to the filing of the judgment forms, appellant filed a premature notice of appeal on July 9, 2013.

## II. Analysis

On appeal, appellant argues that the State failed to include the certified question in the judgment forms and filed the judgment forms without notice to appellant; therefore, the State violated the terms of the plea agreement. As such, appellant argues that he is entitled to either specific performance of the plea agreement or to be restored to the status he occupied before the plea agreement was entered. Appellant further argues that this court should address the certified question proposed and determine that the trial court erred in denying his motion to suppress. The State argues that even if the proposed certified question of law had been properly preserved, the question is not dispositive; thus, the appeal should be dismissed.

When the State breaches a plea agreement that has already been accepted, "one of two results ordinarily follows, depending on the circumstances: (1) either specific performance of the agreement is directed, or, (2) the parties are restored to the status existing immediately before the plea was entered." *Metheny v. State*, 589 S.W.2d 943, 945 (Tenn. Crim. App. 1979). However, even if we granted specific performance and addressed appellant's proposed certified question of law, the question was not properly preserved, irrespective of it not being attached to the judgment, and is not dispositive.

Rule 3(b)(2) of the Tennessee Rules of Appellate Procedure permits a defendant to plead guilty while reserving the right to appeal a certified question of law that is dispositive of the case. In doing so, a defendant must also comply with the requirements of Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. Rule 37 outlines the following requirements:

(i)     the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii)     the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii)    the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv)    the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

Our courts have explicitly defined the prerequisites to an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether

the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Bowery*, 189 S.W.3d 240, 245 (Tenn. Crim. App. 2004) (internal quotation marks omitted) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)). The *Preston* requirements are mandatory. *Bowery*, 189 S.W.3d at 245-46 (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Failure to comply with the requirements results in dismissal of the appeal. *Id.* (citing *Pendergrass*, 937 S.W.2d at 837). Our supreme court has clearly required strict compliance with *Preston*:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (citations omitted). One requirement of a properly certified question is that "'the defendant, the state, and the trial court are of the opinion that the certified question of law is dispositive of the case.'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (quoting Tenn. R. Crim. P. 37(b)(2)(A)(iv)).

Initially, we note that it was appellant's burden to ensure that the *Preston* requirements were satisfied and that the certified question of law was attached to the final order. *Bowery*, 189 S.W.3d at 245 (internal quotation marks omitted) (quoting *Preston*, 759 S.W.2d at 650). However, even if we were to accept appellant's assertions that the State violated the plea agreement by filing the judgment without notice to appellant as true, appellant has failed to satisfy the other requirements of Tennessee Rule of Criminal Procedure 37; therefore, we do not have jurisdiction to decide the merits of appellant's proposed certified question of law.

First, appellant filed a premature notice of appeal. Rule 37(b)(2)(A)(i) mandates that "the judgment of conviction or order reserving the certified question *that is filed before the notice of appeal is filed* contains a statement of the certified question of law that the defendant reserved for appellate review." Appellant filed his notice of appeal on July 9,

2013, but the judgment forms were not filed until November 26, 2013. Therefore, appellant failed to strictly comply with Rule 37(b)(2)(A)(i).

Also, Tennessee Rule of Criminal Procedure 37(b)(2)(A)(iv) requires that "the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case." The record reflects that in the State's formal plea offer letter, the State explicitly stated that it would *not* agree that the question was dispositive. Furthermore, at the guilty plea submission hearing, the State explained that it was "silent as to whether [the certified question of law was] dispositive or not." There is also no document in the record that was signed by the trial court nor any statement made by the trial court indicating its agreement that the proposed certified question of law was dispositive. Therefore, appellant failed to satisfy Rule 37(b)(2)(A)(iv)

In addition, it is clear from the record that appellant's proposed certified question of law was not dispositive, which is required by Rule 37(b)(2)(A). A question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *Dailey*, 235 S.W.3d at 134 (alteration in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001)). An issue is never dispositive when this court may exercise the option to reverse and remand. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). This court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). The appellate court must make an independent determination that the certified question is dispositive. *Id.* at 135 (citing *Preston*, 759 S.W.2d at 651). Thus, the issue becomes whether "*the record on appeal* demonstrates how [the certified] question is dispositive of the case." *Id.* (citing *Preston*, 759 S.W.2d at 651) (emphasis in original).

While the record contains only a draft of the certified question of law and does not contain a final version for review, the arguments and contingencies of the parties, as reflected in the record, make clear that the proposed certified question of law is not dispositive. The State's formal plea offer letter stated:

> 6. The State will not agree to a dismissal of the charge in the event of the appeals court overturns the trial court on the admission/confession issue.
>
> 7. The State will agree that if you win at the appellate level, our offer will be to plea to one count of Sexual Battery with a sentencing hearing. . . . This offer by the State would be subject to continued negotiation if you wish BUT only after a decision by the appeals court. You would be under no obligation to

accept this offer of Sexual Battery but the State would be bound to offer it.

At the guilty plea submission hearing, defense counsel stated:

> And if we are correct in our argument, then my understanding of the procedure, what will happen is that it will be remanded back to this court, . . . the charges being pled today will be set aside and that the state is going to want [] the E felony and then this court will determine again the mode of service of that.

Even on appeal, appellant argues in his brief that:

> It was clear to both parties that the purpose of the question was to find out whether or not the appellant's statement was admissible. If the appellant's statement was admissible then the appellant would agree to accept the sentence to which he has already pled. However, if this Court determines that the statement was not admissible then the appellant would have an opportunity to withdraw his plea and go to trial or to accept a lesser[-]included plea for an E felony Sexual Battery.

However, a certified question is only dispositive when the appellate court must either affirm the judgment of conviction or reverse and dismiss the charges, rather than reversing and remanding the case. *Dailey*, 235 S.W.3d at 134 (quoting *Walton*, 41 S.W.3d at 96); *Wilkes*, 684 S.W.2d at 667. Therefore, even though the parties agreed to a contingency to the agreed-upon plea if this court reversed the trial court's decision, we would have to remand the case to the trial court for more plea negotiations and entry of the alternative plea agreement or for a trial based solely on the victim's testimony and any other evidence collected; therefore, the proposed question is not dispositive.

In consideration of the foregoing analysis, appellant is without relief even if granted specific performance, and we refuse to place appellant in the status he occupied before the plea agreement was entered because it would merely give him a proverbial second bite at the apple to appeal his motion to suppress issue absent the errors in this appeal. We, therefore, dismiss appellant's appeal.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we dismiss appellant's appeal.

_____
ROGER A. PAGE, JUDGE