IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## STATE OF TENNESSEE  v.  JAMES H. THOMPSON

**Direct Appeal from the Circuit Court for Franklin County**
**No. 13906     J. Curtis Smith, Judge**

---

**No. M2002-02137-CCA-R3-CD - Filed October 13, 2003**

---

Following a conviction for DUI, third offense, after entering a guilty plea, Defendant James H. Thompson appeals, asserting that he has presented a certified question of law for review.  Because we conclude that the question of law, even if properly reserved at the guilty plea hearing, is not dispositive of the case, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, James H. Thompson.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough; Assistant Attorney General; James Michael Taylor, District Attorney General; Steven M. Blount, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

        The procedural history of this case follows a circuitous path which ends at the quagmire of criminal jurisprudence in Tennessee – the inappropriate utilization of Tenn. R. Crim. P. 37(b)(2)(i), appeal from a guilty plea, reserving a certified question of law.  As pertinent to this case, Defendant was indicted by the Franklin County Grand Jury for the offense of DUI, third offense.  Subsequently, Defendant filed a "Motion to Dismiss Indictment for Prosecution of Second or Subsequent Offender."  Extremely important to the disposition of this appeal, the motion, as designated, asked only that prosecution of Defendant "as a second or subsequent offender be dismissed **and that the defendant be prosecuted only as a first offender**." [Emphasis added].  In this motion, Defendant argued that he was entitled to the requested relief because the State failed to provide him with a copy of the Department of Safety printout of his prior DUI convictions at his arraignment, in contravention of the requirement of Tenn. Code Ann. § 55-10-403(g)(3)(ii).  In an order entered August 30, 2001, the trial court denied the motion.

On February 8, 2002, a "Plea of Guilty and Acknowledgment and Waiver of Rights" was filed in the trial court. The document reflects that Defendant was agreeing to plead guilty to DUI, third offense, without any agreement as to sentencing. The guilty plea document was signed by Defendant, his counsel, the prosecutor, and the trial judge.

The pre-sentence "investigation report" was filed with the trial court on April 19, 2002. In that document, the case's status was represented as an "open plea of guilty to DUI, third offense," with a sentencing hearing set for April 29, 2002. A judgment of conviction was filed in this case on April 29, 2002. The judgment reflects that Defendant entered a guilty plea to the charge of DUI, third offense, on February 8, 2002. He was fined $1,100.00, and was sentenced to serve eleven months and twenty-nine days, with all but *220* days suspended, and his driving privileges were revoked for three years. There is no mention of reservation of a certified question of law for appeal in the judgment. While the fine and the period of revocation of driving privileges are the statutory minimums for DUI, third offense, the period of incarceration prior to imposition of a suspended sentence is 100 days in excess of the minimum for a DUI, third offense conviction. Added to the judgment is a provision that Defendant's report date to jail was stayed until May 30, 2002, "to see if [a] proper motion for [n]ew [t]rial is filed."

On May 24, 2002, Defendant filed a "Motion for New Trial or for Reduction of Sentence." The motion did not make any reference to reservation of a certified question of law in an appeal. The grounds for the motion were that (1) sentencing Defendant as a multiple DUI offender was inappropriate because the State failed to comply with § 55-10-403(g)(3)(ii), and (2) imposition of a sentence including incarceration for a period in excess of the statutory minimum is not consistent with the statutory principles of sentencing. Defendant's requested relief was for the trial court to grant a new trial, or reduce or modify his sentence.

On July 18, 2002, an "Amended Judgment" was filed in this case. It was signed by the trial court, Defendant's counsel, and the prosecutor, but not by Defendant. The Amended Judgment states in pertinent part:

> The judgment entered in this cause on April 29, 2002, should be amended in order for the defendant to be allowed to appeal pursuant to the Tenn. R. Crim. P. Rule 37 and, accordingly, the following language is added to the judgment which was entered April 29, 2002, and is as follows:
>
> The defendant entered a plea of guilty as set forth in the judgment in this case as a result of a plea agreement entered into under Rule 11(e) and the defendant expressly reserved with the consent of the State and of the Court the right to appeal a certified question of law that is dispositive of the sentencing judgment in this case in respect to the defendant being a 3rd DUI offender.
> The question of law is reserved in the judgment and the scope and limits of the legal issue are reserved in that the defendant was sentenced as a 3rd offender following the denial of the defendant's motion to dismiss the indictment for

prosecution of a second or subsequent offender under the provisions of T.C.A. § 55-10-403(g)(3)(2) [sic] by reason of the fact that the defendant was not given a copy of the Department of Safety printout at the time of arraignment, thereby precluding the State from prosecuting the defendant as a 3rd offender.

It is thereby **ORDERED** that the judgment of conviction be so amended to contain the language set forth herein, that this amendment be made a part of the judgment entered in this cause; that the certified question is expressly reserved with the consent of the State; and that the trial judge and District Attorney General, as evidenced by their signatures below, concur and agree that, as to the conviction of the defendant as a 3rd offender, this certified question is dispositive.

On July 25, 2002, the trial court entered an order overruling the motion for new trial. A notice of appeal was filed on August 14, 2002. In his brief on appeal, Defendant asserts, through his counsel, that the issue on appeal is presented as a certified question of law pursuant to a guilty plea with an agreement to reserve the certified question for appeal. The certified question purportedly reserved for appeal is set forth in the "Amended Judgment" quoted above. In his appellate brief, Defendant's requested relief from this Court is for the "judgment of the trial court [to] be reversed, [and] that the case be remanded to [the] trial court for further proceedings consistent with [this] Court's opinion, and that the [D]efendant have general relief."

Defendant's certified question of law is not dispositive of the case as is required for an appeal pursuant to Tenn. R. Crim. P. 37(b)(2)(i). The original motion filed by Defendant contested the State's right to prosecute him as a multiple DUI offender, but acknowledged that the State could proceed to prosecute him for a DUI, albeit not as a multiple offender. This Court is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case. *See State v. Oliver*, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000). "'An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand. . . .'" *Id.* (quoting *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). If we granted Defendant the relief he requests, and the only relief he would be entitled to if he is correct, (and, incidentally, the only relief authorized in the certified question of law), then we could only reverse the trial court and remand for a new sentencing hearing for a conviction of DUI, first offense. Dismissal of the underlying charges of DUI (whatever number of prior offenses) would not be appropriate. Therefore, the appeal must be dismissed. *Oliver*, 30 S.W.3d at 364.

Furthermore, we question whether the purported certified question of law was properly reserved at the time of the guilty plea. We have set forth the procedural history from documents included in what is commonly referred to as the "technical record." There are no transcripts of any trial court proceedings included in the record on appeal. The first mention of an appeal of a certified question of law is mentioned in the "Amended Judgment." All documents filed prior to the "Amended Judgment" indicate that Defendant knowingly and voluntarily entered a guilty plea to

DUI, third offense, without a negotiated agreement as to sentencing, with the trial court to impose a sentence. Implicit in Rule 37(b)(2)(i) is the requirement that *at the time the guilty plea is entered*, the State, the defendant, and the trial court must all clearly understand that the guilty plea is entered reserving the right to appeal a certified question of law. If transcripts of proceedings in the trial court had been included in the record, this might be clear on appeal. However, we do not have to determine whether the question of law was properly reserved since we have determined that it is not dispositive of this case.

Even though we are dismissing this appeal for procedural reasons, in the event of further review, we will briefly address the merits of the issue presented. The identical issue was addressed by this Court in *State v. Gary K. Haddon*, 2002 Tenn. Crim. App. LEXIS 485, No. M2001-02286-CCA-R3-CD (Tenn. Crim. App., at Nashville, June 5, 2002), *perm to app. denied*, Nov. 12, 2002). Defendant acknowledges that case, and urges this Court to review its prior holding and overrule *Haddon*.

In *Haddon*, the defendant was charged with DUI, second offense. He asserted that the State did not provide him with a copy of the Department of Safety printout of his prior conviction at his arraignment, as required by Tenn. Code Ann. § 55-10-403(g)(3)(ii). The trial court granted the defendant's motion to dismiss his prosecution of DUI, second offense, and ordered the prosecution to proceed for DUI, first offense. The State appealed, and this Court reversed the order of the trial court and remanded the case for prosecution of DUI, second offense.

Tenn. Code Ann. § 55-10-403(g)(3) provides as follows:

> (i) Notwithstanding any other rule of evidence or law to the contrary, in the prosecution of second or subsequent offenders under this chapter the official driver record maintained by the department and produced upon a certified computer printout shall constitute prima facie evidence of the prior conviction.

> (ii) Following indictment by a grand jury, *the defendant shall be given a copy of the department of safety printout at the time of arraignment*. If the charge is by warrant, the defendant is entitled to a copy of the department printout at the defendant's first appearance in court or at least fourteen (14) days prior to a trial on the merits.

> (iii) Upon motion properly made in writing alleging that one (1) or more prior convictions are in error and setting forth the error, the court may require that a certified copy of the judgment of conviction of such offense be provided for inspection by the court as to its validity prior to the department printout being introduced into evidence.

Tenn. Code Ann. § 55-10-403(g)(3) (Supp. 2002) (emphasis added).

In the case *sub judice*, Defendant argues that the word "shall" in Tenn. Code Ann. § 55-10-403(g)(3)(ii) is "mandatory" and not "directory," and as such, the failure of the State to comply requires a reduction in his indicted offense from DUI, third offense, to DUI, first offense. The State argues that "shall" is "directory" only, and as such, dismissal of the multiple offender count of the indictment is not appropriate.

We reiterate what this Court held in *Haddon* in order to make it clear as to the relief which is **not** appropriate when the State fails to provide a copy of the Department of Safety printout of a prior conviction(s) in a multiple offender DUI case:

> Regardless of whether the requirement of Tennessee Code Annotated section 55-10-403(g)(3)(ii) is "mandatory," or "directory," we conclude that the trial court erred by dismissing that portion of the indictment which charges Defendant with being a DUI second offender. No provision in the law justifies dismissal – the relief requested by Defendant and granted by the trial court – and Defendant requested no other relief in the motion.
>
> * * *
>
> We conclude that dismissal of the portion of the indictment charging Defendant as a DUI second offender was not an appropriate remedy for the State's failure to provide Defendant, at his arraignment, with a computer printout of the Department of Safety official driver record of Defendant.

*Haddon*, 2002 Tenn. Crim. App. LEXIS 485, at *4 and *9.

Finally, we note again, there is no transcript of the trial court proceedings regarding Defendant's motion. If the appeal did not have to be dismissed, we would still be required to affirm the judgment of the trial court. It is the appellant's responsibility to provide an adequate record for review on appeal. *See* Tenn. R. App. P. 24. Without a transcript of the hearing, we are required to presume that the trial court's determination of the issue was correct. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

## CONCLUSION

For the reasons stated herein, this appeal is dismissed. Costs are taxed against the Defendant.

_____
THOMAS T. WOODALL, JUDGE