IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2009

**STATE OF TENNESSEE v. DONALD LOCKHART**

**Direct Appeal from the Criminal Court for Loudon County**
**No. 11318     E. Eugene Elben, Judge**

**No. E2008-02046-CCA-R3-CD - Filed March 24, 2010**

JAMES CURWOOD WITT, JR., J., concurring.

Although concurring in the majority opinion, I express concern about whether the certified question is dispositive of the case. Specifically, I question whether the stop of the defendant's vehicle yielded any evidence that was necessary to the State's proving the defendant guilty of DUI.

This court is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case. *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). The availability of evidence that would establish the charged offense without the evidence challenged by a defendant in a certified question of law renders the certified question non-dispositive. *State v. Jared C. Brown*, No. M2004-02101-CCA-R3-CD (Tenn. Crim. App., Nashville, Aug. 30, 2005) ("In other words, the State had proof of the marijuana offense prior to the search of the appellant's home. Thus, the appellant's question is not dispositive of his case."), *perm. app. denied* (Tenn. 2006).

The defendant's intoxication could have been effectively established by Lt. Tennell's testimony about observing the defendant in an impaired condition just minutes before the second officer stopped the defendant's vehicle. The second officer testified that he saw "Mr. Lockhart operating his vehicle." The statement was not explained. If the officer meant that he could identify the defendant as the man he saw driving the vehicle *before* he stopped it, thereby establishing the defendant's driving on a public, the elements of DUI

would be established without any evidence that may have emanated from the stop. In that event, any evidence gained from the stop would not have been dispositive. The problem here is that the officer may have meant that he could identify the defendant as the driver based upon observing him *after* the stop.

I cannot tell what the officer meant, and for that reason, I concur in the majority opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE
