# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 16, 2014 Session

## STATE OF TENNESSEE v. JUSTIN ANDREW JONES

**Appeal from the Circuit Court for Sevier County**
**No. 11-AP-001-III     Rex Henry Ogle, Judge**

**No. E2014-00036-CCA-R3-CD - Filed November 25, 2014**

Appellant, Justin Andrew Jones, pleaded guilty to driving under the influence of an intoxicant and was sentenced to eleven months and twenty-nine days, suspended to probation after forty-eight hours of incarceration. As part of the plea agreement, appellant reserved a certified question of law in which he challenged the denial of his motion to suppress. On appeal, appellant argues that the trial court erred by denying his motion to suppress because the arresting officer did not have reasonable suspicion to stop appellant and because the officer was acting outside of his community caretaking function when he stopped appellant. Following our review of the briefs, the record, and the applicable law, we dismiss appellant's appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROGER A. PAGE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Bryce W. McKenzie (at plea hearing and on appeal); and Bryan E. Delius (at motions hearing and on appeal), Sevierville, Tennessee, for the appellant, Justin Andrew Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and Gregory C. Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Appellant was charged with driving under the influence of an intoxicant ("DUI"), a Class A misdemeanor. Appellant was found guilty of the offense after a trial in general sessions court, but he appealed his conviction to the circuit court. Appellant filed a motion to suppress all evidence resulting from his traffic stop, claiming that the stop was illegal. The

trial court denied appellant's motion, and appellant pleaded guilty, reserving the following certified question of law for appeal:

> Whether the trial court erred in denying the Defendant's Motion to Suppress when legally insufficient reasonable suspicion supported the traffic stop of the Defendant because the Officer never observed any violation of the rules of the road and only witnessed the Defendant slow his vehicle and then stop on the inside lane of traffic on Chapman Highway.

## I. Facts from the Motion to Suppress Hearing

The testimony at the motion to suppress hearing showed that on August 20, 2010, Turhan Thomas, a deputy sheriff with the Sevier County Sheriff's Office, noticed a silver BMW "pull in a little fast" at E-Z Stop gas station on Chapman Highway at 3:00 a.m. and saw appellant get out of the car, look at the car's tires, and then reenter the car. Appellant then "squalled the tires a little bit" and pulled back out onto Chapman Highway at a "high rate of speed." Deputy Thomas then entered his car and followed appellant. After cresting a hill, the officer saw appellant slow and stop his car in the left lane of a four-lane highway in a curve. Deputy Thomas sat in his car for approximately four to five seconds after appellant's car had stopped moving before activating his emergency lights. Appellant pulled onto the side of the roadway. Deputy Thomas then smelled the odor of alcohol on appellant's person. Appellant performed "very poorly" on his field sobriety tests, and Deputy Thomas arrested appellant for driving under the influence.

At the conclusion of the hearing, the trial court cited two due care statutes, Tennessee Code Annotated sections 55-8-136 and -158, and the community caretaker doctrine to determine that the stop was permissible and denied appellant's motion to suppress.

## II. Analysis

Appellant argues that the trial court erred by denying his motion to suppress because the arresting officer did not have reasonable suspicion to stop appellant and because the officer was acting outside of his community caretaking function when he stopped appellant. The State argues that the trial court properly denied appellant's motion to suppress.

Rule 3(b)(2) of the Tennessee Rules of Appellate Procedure permits a defendant to plead guilty while reserving the right to appeal a certified question of law that is dispositive of the case. In doing so, a defendant must also comply with the requirements of Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. Rule 37 outlines the following requirements:

(i)     the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii)    the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii)   the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv)    the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

Our courts have explicitly defined the prerequisites to an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as

part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Bowery*, 189 S.W.3d 240, 245 (Tenn. Crim. App. 2004) (internal quotation marks omitted) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)). The *Preston* requirements are mandatory. *Bowery*, 189 S.W.3d at 245-46 (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Failure to comply with the requirements results in dismissal of the appeal. *Id.* (citing *Pendergrass*, 937 S.W.2d at 837). Our supreme court has clearly required strict compliance with *Preston*:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (citations omitted).

One requirement of a properly certified question is that "'the defendant, the state, and the trial court are of the opinion that the certified question of law is dispositive of the case.'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (quoting Tenn. R. Crim. P. 37(b)(2)(A)(iv)). The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *Dailey*, 235 S.W.3d at 134 (alteration in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001)). An issue is never dispositive when this court may exercise the option to reverse and remand. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). This court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). The appellate court must make

an independent determination that the certified question is dispositive. *Id.* at 135 (citing *Preston*, 759 S.W.2d at 651). Thus, the issue becomes whether "*the record on appeal* demonstrates how [the certified] question is dispositive of the case." *Id.* (citing *Preston*, 759 S.W.2d at 651) (emphasis in original). With these considerations in mind, we address the following certified question:

> Whether the trial court erred in denying the Defendant's Motion to Suppress when legally insufficient reasonable suspicion supported the traffic stop of the Defendant because the Officer never observed any violation of the rules of the road and only witnessed the Defendant slow his vehicle and then stop on the inside lane of traffic on Chapman Highway.

We initially note that appellant has failed to include the community caretaker doctrine in his certified question of law. Instead, the certified question focuses strictly on whether there was reasonable suspicion to conduct the traffic stop. Our court has stated that:

> [W]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and *review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question*, absent a constitutional requirement otherwise.

*Bowery*, 189 S.W.3d at 245 (emphasis added) (internal quotation marks omitted) (quoting *Preston*, 759 S.W.2d at 650). Because appellant did not properly include the community caretaker doctrine in his certified question of law, we are without jurisdiction to address whether the community caretaker doctrine is applicable.

Furthermore, because appellant has failed to include the community caretaking doctrine in his certified question, his current certified question is not dispositive. The trial court cited two due care statutes and the community caretaking doctrine when denying appellant's motion to suppress. Therefore, even if we were to reverse the trial court's ruling on the grounds listed in the certified question of law, the trial court's holding that the community caretaking doctrine applied to the initial stop still remains in effect. Accordingly, appellant's certified question of law is not dispositive of this case because, based on this appeal, the prosecution of appellant for DUI could have proceeded upon a community caretaking theory to justify the initial stop.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we dismiss appellant's appeal.

_____
ROGER A. PAGE, JUDGE