IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

**STATE OF TENNESSEE v. MAEGAN DAVIS**

**Appeal from the Criminal Court for Shelby County**
No. 16-01478          Glenn Ivy Wright, Judge
_____

**No. W2017-02145-CCA-R3-CD**
_____

Maegan Davis, the Defendant, pled guilty to one count of driving under the influence and one count of driving under the influence per se and reserved a certified question. In her appellate brief, the Defendant states the following questions for appeal: "(1) Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense?"; "(2) When the [D]efendant was detained, was that detention supported by probable cause that the [D]efendant had committed the offense of driving under the influence of an intoxicant?"; and "(3) Should the blood taken from the [D]efendant be suppressed as the fruit of an illegal seizure pursuant to the Fourth Amendment to the United States Constitution and Article 7 of the Tennessee Constitution where the [D]efendant was detained for more than ninety (90) minutes without being given a field sobriety test?" After a thorough review of the facts and applicable case law, we dismiss the Defendant's appeal because she failed to properly certify her questions of law in accordance with Tennessee Rule of Criminal Procedure 37(b)(2) and *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Stephen C. Bush, District Public Defender; and Tony N. Brayton, Assistant District Public Defender, for the appellant, Maegan Davis.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Sam Winnig, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Factual and Procedural History

On March 1, 2016, the Shelby County Grand Jury indicted the Defendant for driving under the influence ("DUI") and DUI per se.

### Motion to Suppress Hearing

On January 25, 2017, the Defendant filed a motion to suppress the evidence against her. At the motion to suppress hearing, Deputy Lloyd Thomas testified that he had worked for the Shelby County Sheriff's Office ("SCSO") for approximately four years. On May 2, 2015, Deputy Thomas assisted with a fatal crash by diverting traffic on State Route 385 in southern Shelby County. He stated that the ramps to merge onto State Route 385 in that area were blocked off by patrol cars. Another law enforcement officer[1] notified Deputy Thomas that a vehicle went around the patrol vehicle and was headed towards Deputy Thomas. Deputy Thomas and his supervisor, Sergeant Marcus Clark, observed the vehicle approach their position on State Route 385. Deputy Thomas "flagged the vehicle down" and approached the vehicle. He asked the driver, the Defendant, if she saw the road block at the end of the on ramp. She said that she did not and that the officer at the roadblock had not stopped her. Deputy Thomas then asked for the Defendant's driver's license. He explained that it was standard procedure to request the license of the driver when a vehicle is stopped for a traffic violation.

After the Defendant gave Deputy Thomas her driver's license, he told the Defendant to turn her vehicle around and exit the ramp. Deputy Thomas intended to "issue a citation for failure to recognize officer signal." Deputy Thomas went to his patrol vehicle to run the Defendant's license while Sergeant Clark stayed with the Defendant. Deputy Thomas learned that the Defendant's driver's license was valid and that she had no outstanding arrest warrants, and he began writing the citation. When Deputy Thomas returned to the Defendant's vehicle, Sergeant Clark informed him that he may need to check the Defendant because she showed signs of intoxication. Deputy Thomas explained that he did not thoroughly check the Defendant during their initial interaction. When he returned to her vehicle, he asked her some questions and noticed that her speech was slurred, her eyes were watery and glassy, and that she had failed to completely turn her car around. Deputy Thomas asked the Defendant to exit her vehicle. At that point in time, Deputy Thomas put aside the traffic citation and began investigating the possibility that the Defendant was driving under the influence.

---

[1] Deputy Thomas identified this officer as Deputy Vance, but did not provide Deputy Vance's first name.

Deputy Thomas walked the Defendant to his patrol vehicle and noticed that the Defendant stumbled as she walked. The Defendant also stated that it was a nice day and that she had been drinking. Deputy Thomas placed the Defendant in his vehicle and called for a driving under the influence ("DUI") unit. He did not conduct any field sobriety tests or a breathalyzer test because of the Defendant's difficulty in walking. After the DUI unit arrived at the scene, Deputy Thomas, the Defendant, and the DUI officer relocated to an empty parking lot because the fatal crash was still being investigated.

On cross-examination, Deputy Thomas testified that he did not assist in setting up the barricade on the on-ramp to State Route 385. However, he explained that it was the standard procedure of the SCSO to use patrol vehicles as road blocks and for deputies to divert traffic in case a vehicle avoids the road block. Deputy Thomas stated that the Defendant's vehicle was the only vehicle to avoid the road block on that day. He agreed that the Defendant did not commit any traffic offenses as she approached his position. Deputy Thomas described the Defendant's speech as "slurred," noting her failure to complete a whole sentence and "mumbling" at the end of sentences. He agreed that some people mumble when they talk normally and that he had never spoken with the Defendant prior to May 2, 2015. Deputy Thomas stated that when he asked the Defendant to exit her vehicle, he intended to conduct some field sobriety tests. However, he decided against conducting the tests because the Defendant was having trouble walking. He stated that, while the Defendant was in his patrol vehicle and he was filling out his report, the Defendant frequently requested to use the bathroom. Deputy Thomas agreed that he did not mention the Defendant's watery eyes in the affidavit of complaint.

Sergeant Marcus Clark testified that he had worked for the SCSO for approximately seventeen years and that on May 2, 2015, he was the sergeant assigned to the Patrol Division. Sergeant Clark remembered that "another officer came across the radio [and] said a car just went around the barricade and was heading our way." Sergeant Clark followed Deputy Thomas as he approached the vehicle. Sergeant Clark spoke with the Defendant, noticed that her speech was slurred, and asked her if she had been drinking. She stated that "it was a beautiful day[,]" so "of course [she had] been drinking." Deputy Thomas then asked the Defendant to exit her vehicle and placed her in his patrol vehicle. Sergeant Clark testified that Deputy Thomas called for a DUI unit, which took longer than thirty minutes to arrive. Sergeant Clark stated that the delay was reasonable because it was rush hour and the highway was blocked due to the fatal accident.

On cross-examination, Sergeant Clark testified that he did not assist in setting up the barricade on the on-ramp, but he observed a vehicle blocking the ramp. He explained

that he and Deputy Thomas did not conduct field sobriety tests on the Defendant because "it wasn't the proper place to do a Field Sobriety test. Too much of a distraction."

The trial court found that the Defendant drove around the barricade that was blocking the on-ramp of State Route 385. The trial court also found that Deputy Thomas "was just simply was going to tell her to turn around and go back the other way" until Sergeant Clark spoke with the Defendant and noticed some indicia of intoxication. The trial court also found that the Defendant made incriminating statements. The trial court found that there was "a long[,] long delay" until the DUI unit arrived. The trial court concluded that Deputy Thomas and Sergeant Clark had probable cause to stop and question the Defendant. The trial court found that the officers' investigation was proper and that there were indicia of intoxication based on the Defendant's slurred speech and stumbling. Therefore, the trial court denied the Defendant's motion to suppress.

*Guilty Plea Proceedings*

On August 16, 2017, the Defendant filed a "Petition to Enter Plea of Guilty and Reserve Certified Question for Appeal" ("Plea/Certified Question Petition"), which listed the following certified questions:

a. Was the initial stop of the [D]efendant supported by reasonable suspicion that the [D]efendant had committed an offense?

b. Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense?

c. When the [D]efendant was ordered out of her car and arrested, was the [D]efendant properly detained upon reasonable suspicion that the [D]efendant had committed the offense of driving under the influence of an intoxicant?

d. Can the [D]efendant be detained for 90 minutes based solely on reasonable suspicion of driving under the influence of an intoxicant where the only indicators of intoxication before arrest were mumbled speech and watery eyes?

e. When the [D]efendant was ordered out of her car and arrested, was that arrest supported by probable cause that the [D]efendant had committed the offense of driving under the influence of an intoxicant where the only indicators of intoxication before arrest were mumbled speech and watery eyes?

- 4 -

f. Should the blood taken from [D]efendant be suppressed as the fruit of an illegal seizure pursuant to the 4th Amendment to the United States Constitution and Article 7 of the Tennessee Constitution where the only indicators of intoxication before arrest were mumbled speech and watery eyes, and the [D]efendant was detained for more than 90 minutes and denied repeated requests to take a field sobriety test during that time?

The technical record also contains a document entitled "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty" ("Plea Petition"). This document is signed by the Defendant, her counsel, and counsel for the State, but it does not incorporate the Defendant's certified questions by reference. On September 27, 2017, the trial court entered an "Order on Guilty Plea" ("First Order"), which states the following, in pertinent part:

on petition of the above named defendant for waiver of trial by Jury, waiver of his or her right to have a Jury determine his or her guilt, to submit himself or herself to the trial Judge to determine his or her guilt: and fix his or her punishment, and request for acceptance of plea of guilty, said petition being attached hereto and incorporated by reference herein, upon statements made in open Court by the defendant herein, his or her Attorney of record, the Assistant District Attorney General representing the State of Tennessee; and from questioning by the Court of the defendant and his or her counsel in open Court[.]

The trial court sentenced the Defendant to forty-eight hours in confinement and eleven months and twenty-seven days of probation. The trial court entered the Defendant's judgments on September 27, 2017. In the "Special Conditions" box, the judgments state the following: "Certified Question is Stated in Attached 'Petition to Enter Plea of Guilty and Reserve Certified Question for Appeal' and Incorporated by Reference[.]" The judgment for count one is signed by the trial court and counsel for the State; only the trial court signed the judgment for count two.

The trial court also entered an "Order Granting Petition to Enter Plea of Guilty and Reserve Certified Question for Appeal" ("Second Order") on September 27, 2017. The Second Order states that the trial court consented to the Defendant's reserving of a certified question for appeal and lists the following question: "Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense?" On October 2, 2017, the trial court entered an "Order Granting Petition to

- 5 -

Enter Plea of Guilty and Reserve Certified Question for Appeal" ("Third Order"), which lists the following certified questions:

1. Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense?

2. When the [D]efendant was detained, was that detention supported by probable cause that the [D]efendant had committed the offense of driving under the influence of an intoxicant?

3. Should the blood taken from [the D]efendant be suppressed as the fruit of an illegal seizure pursuant to the 4th Amendment to the United States Constitution and Article 7 of the Tennessee Constitution where the [D]efendant was detained for more than 90 minutes without being given a field sobriety test?

The Defendant filed a notice of appeal on October 31, 2017.[2]

## II. Analysis

The Defendant asserts that she properly reserved the following certified questions for appeal:

(1) Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense?

(2) When the [D]efendant was detained, was that detention supported by probable cause that the [D]efendant had committed the offense of driving under the influence of an intoxicant?

(3) Should the blood taken from the [D]efendant be suppressed as the fruit of an illegal seizure pursuant to the Fourth Amendment to the United

---

[2] We will consider the Second and Third Orders to essentially be amended orders for purposes of determining whether the Defendant timely filed her notice of appeal. *See State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (appellate court should look at the "the substance of the trial court's curative action" to determine whether an order filed after the judgment amended the judgment); *see also State v. Paul Anthony Wright*, No. W2001-02574-CCA-R3-CD, 2003 WL 1860526, at *5-6 (Tenn. Crim. App. Apr. 7, 2003) (concluding that the defendant complied with Rule 36 because the trial court's order reserving certified questions was filed contemporaneously with the judgment form), *no perm. app. filed*. Thus, the Third Order was the final order in this case, and the Defendant timely filed her Notice of Appeal within thirty days of the filing of the Third Order.

States Constitution and Article 7 of the Tennessee Constitution where the [D]efendant was detained for more than ninety (90) minutes without being given a field sobriety test?

Under Tennessee Rule of Criminal Procedure 37, a defendant may appeal from a judgment of conviction on a guilty plea if:

(A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2).

Our supreme court has stated the following regarding certified questions involving suppression issues:

[W]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the

defendant, nor the State, nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.

*Preston*, 759 S.W.2d at 650.

The Defendant has the burden of ensuring that the "prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified." *Id.* If the certified question is not dispositive of the case, the appeal must be dismissed. *Id.* Our supreme court has required that defendants comply strictly with the prerequisites of Tennessee Rule of Criminal Procedure 37 and *Preston*. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003).

The Defendant failed to properly certify her questions for appeal for numerous reasons. First, we observe that none of the various orders that the trial court filed in this case contain a statement that the State consented to the Defendant's attempt to certify questions for appeal. *See State v. David Lee Hutcherson*, No. W2013-02820-CCA-R3-CD, 2014 WL 1876567, at *3 (Tenn. Crim. App. May 7, 2014) (dismissing the appeal in part because "the record [wa]s devoid of any evidence that the prosecution consented to the reservation of a certified question of law"), *no perm. app. filed*. Further, none of the orders assert that the State and trial court believed that the Defendant's questions were dispositive. *See State v. Gerald Anthony Humphrey*, No. M2013-01512-CCA-R3-CD, 2014 WL 1354936, at *3 (Tenn. Crim. App. Apr. 4, 2014), *perm. app. denied* (Tenn. Sept. 5, 2014).

It is unclear which questions the Defendant sought to certify because the Plea/Certified Question Petition lists six questions, the First Order lists no questions, the Second Order lists one question, and the Third Order lists three questions. If we limit our review to the three questions listed in the Third Order and included in the Defendant's brief on appeal, we conclude that the Defendant's questions are overbroad or not dispositive of the Defendant's case. A certified question is dispositive "when the appellate court must either affirm the judgment [of conviction] or reverse and dismiss [the charges]." *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001)) (alterations in original) (internal quotations marks omitted). This court "is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case." *Id.* at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). We must "make an independent determination that the certified question is dispositive." *Id.* (citing *Preston*, 759 S.W.2d at 651). "A certified question may be rendered nondispositive by the failure to raise an underlying issue when the

determination of that underlying issue is necessarily the basis of the disputed question." *State v. Prince Dumas*, No. W2015-01026-CCA-R3-CD, 2016 WL 4083256, at * 3 (Tenn. Crim. App. Aug. 1, 2016), *no perm. app. filed*.

The Defendant's first question, "Was the initial stop of the [D]efendant supported by probable cause that the [D]efendant had committed an offense[,]" is not dispositive because it does not address whether the stop of the Defendant's vehicle was based on reasonable suspicion. "As a general rule . . . the stop of an automobile is constitutionally reasonable, under both the state and federal constitutions, if the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred. *State v. Vineyard*, 958 S.W.2d 730, 734 (Tenn. 1997) (citing *Whren v. United States*, 517 U.S. 806 (1996)). Additionally, the question does not set out the Defendant's reason for arguing that the stop lacked probable cause, *see State v. Valdez Domingo Wilson*, No. E2015-01009-CCA-R3-CD, 2016 WL 537083, at *4 (Tenn. Crim. App. Feb. 11, 2016), *perm. app. denied* (Tenn. June 23, 2016). Further, the question does not identify what evidence the Defendant seeks to suppress. *See State v. Terry Scott Yarbrough*, No. M2013-02125-CCA-R3-CD, 2014 WL 3735927, at *3 (Tenn. Crim. App. July 29, 2014), *no perm. app. filed*.

The Defendant's second question, "When the [D]efendant was detained, was that detention supported by probable cause that the [D]efendant had committed the offense of driving under the influence of an intoxicant[,]" also fails to set out the Defendant's reason for arguing that the detention lacked probable cause, *see Valdez Domingo Wilson*, 2016 WL 537083, at *4, or the evidence that the Defendant seeks to suppress, *see Terry Scott Yarbrough*, 2014 WL 3735927, at *3.

The Defendant's third question states, "Should the blood taken from [D]efendant be suppressed as the fruit of an illegal seizure pursuant to the 4th Amendment to the United States Constitution and Article 7 of the Tennessee Constitution where the Defendant was detained for more than 90 minutes without being given a field sobriety test[.]" This question sets out the evidence that the Defendant is challenging, the blood draw, and the Defendant's legal reason for suppression, because the Defendant was allegedly detained for more than ninety minutes before law enforcement conducted a field sobriety test. The third question is not dispositive of the DUI charge because the State could proceed on a charge of DUI based on Deputy Thomas' observations that the Defendant's speech was "slurred" and that she had trouble walking. *See State v. Anne Elizabeth Cushing*, No. E2015-00462-CCA-R3-CD, 2016 WL 1069294, at *4 (Tenn. Crim. App. Mar. 18, 2016) ("the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is "'independent of the test result"), *no perm. app. filed*. Therefore, the Defendant's appeal from her DUI conviction is dismissed. The third question is dispositive of the Defendant's DUI per se conviction.

*See State v. Anthony Bobo*, No. W2015-00930-CCA-R3-CD, 2016 WL 7799284, at *2 (Tenn. Crim. App. Mar. 2, 2016) ("A question may be dispositive of one charged offense and yet not dispositive of another."), *perm. app. denied* (Tenn. June 24, 2016). However, as we have noted previously in this opinion, the Defendant has failed to follow the mandatory requirements of Tennessee Rule of Criminal Procedure 37(b)(2) and *Preston* because the record does not include an order that contained a statement that the State consented to the Defendant's attempt to certify questions for appeal or that the State and the trial court believed the questions to be dispositive. Thus, we dismiss the Defendant's appeal from her DUI per se conviction also.

### III. Conclusion

Because the Defendant failed to properly certify questions for appeal under Tennessee Rule of Criminal Procedure 37(b)(2) and *Preston*, 759 S.W.2d at 650, this court lacks jurisdiction to address the Defendant's appeal. Accordingly, we dismiss the Defendant's appeal.

_____
ROBERT L. HOLLOWAY, JR., JUDGE