IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2023

## STATE OF TENNESSEE v. CANTRELL DEVON HODGES

**Appeal from the Circuit Court for Madison County**
**No. 20-595-A    Kyle Atkins, Judge**

---

### No. W2023-00108-CCA-R3-CD

---

The defendant, Cantrell Devon Hodges, pleaded guilty to two counts of possession of a firearm after having been convicted of a felony drug offense, two counts of possession of marijuana with intent to sell or deliver, and one count of possession of drug paraphernalia after the trial court denied his motion to suppress evidence recovered from his home.  As part of his plea agreement, he reserved a certified question of law for appeal, challenging the denial of his motion to suppress. Because the certified question is not dispositive of the case as required by Tennessee Rule of Criminal Procedure 37(b)(2)(A), we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and MATTHEW J. WILSON, JJ., joined.

Cory Hancock, Jackson, Tennessee, for the appellant, Cantrell Devon Hodges.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Bradley Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Madison County Grand Jury charged the defendant with two counts of possession of a firearm after having been convicted of a felony drug offense, one count of possession with intent to sell one-half ounce or more of marijuana, one count of possession with intent to deliver one-half ounce or more of marijuana, and one count of possession of drug paraphernalia.  The defendant entered into a plea agreement in which he pleaded guilty as a Range I offender to all counts as charged with an agreed sentence of three years for the firearm convictions, two years for the possession with intent to sell or deliver

convictions, and 11 months and 29 days for the possession of drug paraphernalia conviction with the trial court to determine the manner of service.[1]

As part of the plea agreement, and with the agreement of the State and the trial court, the defendant reserved a certified question for appeal. *See* Tenn. R. Crim. P. 37(b)(2)(A). The trial court entered an agreed order reserving the following certified question:

> [W]hether the trial court erred in finding that the officer's affidavit, in support of the search warrant, provided a sufficient nexus between the suspected criminal activity . . . and probable cause that there would be further evidence of this criminal activity inside Defendant's residence because said affidavit, provided that the license plates on said vehicle and the utilities on said residence were both in Defendant's name.

The trial court's order states that the parties and the court "are of the opinion that the aforementioned certified question of law is dispositive of the case."

Tennessee Rule of Appellate Procedure 3 provides for a right of appeal to a defendant who pleaded guilty "if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure." Tenn. R. App. P. 3(b). A defendant may plead guilty and appeal a certified question of law if "the defendant entered into a plea agreement under [Criminal Procedure] Rule 11(c) but explicitly reserved—with the consent of the [S]tate and of the court—the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2)(A). To perfect an appeal of a certified question, the following requirements must be met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

---

[1] The transcript of the plea submission hearing is not in the record.

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; or, except the judgment or order reserving the certified question need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

*Id.* As in any other appeal before this court, our first concern is whether this court is authorized to hear the case. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), *State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996).

Here, the record before us does not indicate what evidence was recovered from the defendant's residence. Consequently, we cannot say that the certified question is dispositive of the case. Furthermore, at least some marijuana was found in the defendant's vehicle, and suppression of evidence recovered from the residence may have had no bearing on the convictions for the possession of marijuana recovered from the vehicle. Although the parties and the trial court agreed that the question is dispositive of the case, this court is not bound by that determination. *State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007) (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). Because, on the record before us, the certified question is not dispositive of the case, we dismiss the appeal. *See id.* at 135 ("The issue . . . is whether *'the record on appeal* demonstrates how [the certified] question is dispositive of the case.'" (second alteration and emphasis in *Dailey*) (quoting *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988)).

Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-