IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 2, 2019 Session

**STATE OF TENNESSEE v. JOSEPH FRANK BOLKA, III**

**Appeal from the Circuit Court for Tipton County**
No. 9272      Joe H. Walker, III, Judge

_____

**No. W2018-00798-CCA-R3-CD**

_____

The Defendant, Joseph Frank Bolka, III, entered open guilty pleas to possession of 0.5 grams or more of methamphetamine with the intent to deliver and simple possession of marijuana, and he was sentenced to serve eight years in the Community Corrections program.  The record reflects that the Defendant attempted to reserve a certified question regarding the legality of the traffic stop which led to the discovery of the drugs.  Because the notice of appeal was untimely and because the record reflects that the question was not properly preserved, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Vicki L. Green, Millington, Tennessee, for the Appellant, Joseph Frank Bolka, III.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Defendant was driving in Tipton County on December 15, 2016, when Deputy George Finney of the Tipton County Sheriff's Office observed him cross the yellow line separating his lane of traffic from oncoming traffic.  Deputy Finney conducted a traffic stop which ultimately led to the discovery of the drugs in question.

The Defendant filed a motion to suppress the evidence obtained during the search of his vehicle and to suppress his statements to police, generally alleging that there was no probable cause for the stop, no probable cause "for the officer waiting twenty-seven minutes" prior to notifying dispatch, and no evidence that a traffic offense had been committed.

According to the testimony presented at the hearing on the motion to suppress, Deputy Finney observed the Defendant's vehicle travel over the center line. Deputy Finney stated that he did not activate his lights immediately and explained that the activation of his lights triggered the patrol car's recording mechanism to preserve video beginning thirty seconds prior to the activation of the lights. Deputy Finney acknowledged that the video showed the Defendant's tires on the line rather than over the line, but he testified that he observed the vehicle cross over the line prior to the events reflected in the recording.

The Defendant, who was driving with his daughter and her boyfriend as passengers, appeared suspiciously nervous to Deputy Finney. The Defendant's hands were shaking, and Deputy Finney could see the carotid artery in his neck beating. Deputy Finney took the Defendant's driver's license to the police vehicle and checked the validity of the Defendant's license and the vehicle's license plate. He testified that while he was at the patrol car, he could see the Defendant making furtive movements, as though he were either looking for something or trying to hide something. Deputy Finney acknowledged there was a passenger in the back seat. Deputy Finney asked the Defendant for consent to search the vehicle, and the Defendant refused. Deputy Finney testified that he returned to the patrol car, began to write a citation for the driving offense, and called for a K-9 unit. The occupants of the vehicle were removed, the dog alerted for the presence of drugs, and police found 3.3 grams of marijuana, 21 grams of methamphetamine, and 100 ecstasy tablets in the center console.

Deputy Finney acknowledged that twenty-seven minutes elapsed between the beginning of the video and the arrival of the dog. The video reflects the lapse of approximately fifteen minutes between Deputy Finney's return to the patrol vehicle to write the ticket and the arrival of the dog. He stated that his "job is not just to write a ticket to everyone" but "[t]o go beyond traffic stops and to find narcotics and things like that." Asked if his purpose in stopping the Defendant was to find narcotics, he answered, "No, ma'am. But that's the only way without violating people's rights that is by conducting traffic stops, investigating, and asking them questions and things like that." He denied, however, prolonging the issuance of the citation, noting that he had to write a narrative and copy down the vehicle information. He stated that he had not finished writing the citation when the K-9 unit arrived.

Defense counsel contended that there was no probable cause to stop the Defendant's vehicle. She also specifically argued that twenty-seven minutes was "too long" under *Rodriguez v. United States*, 135 S. Ct. 1609, 1616 (2015) (holding that a traffic stop cannot be prolonged beyond the time reasonably necessary to complete the purpose for which the stop was made).[1]

The trial court issued a written order denying the motion. The trial court did not address the Defendant's allegation that the stop was unnecessarily prolonged, but instead accredited the testimony of Deputy Finney that the Defendant failed to maintain his lane of traffic, providing reasonable suspicion for the stop. The trial court found that bringing the dog to sniff was permissible and that the subsequent search was supported by probable cause because the dog indicated that there were drugs in the vehicle. The trial court also concluded that the Defendant was not in custody at the time he spoke to police on the scene and that he had been advised of his rights when he later gave a formal statement.

On March 15, 2018, the Defendant pled guilty to the charges in the indictment. The plea form indicated that the Defendant wished to waive his right to trial and that the District Attorney General would not recommend a sentence. The Defendant simultaneously filed a document entitled "Issues Reserved for Appeal." This document noted that the Defendant:

> advises the Court that the following issues are specifically reserved for appeal:
>
> 1. Defendant reserves the issue of whether his right to be secure from unreasonable searches and seizures, pursuant to Tennessee Constitution Article 1, Section 7, and the 4th … Amendment of and to the Constitution of the United States of America, was violated when a Deputy Finney of the Tipton County Sheriff's Office stopped him for the traffic violation of crossing the center lane of the highway in violation of [Tennessee Code Annotated] § 55-8-115 or § 55-8-125 and held him at that location, without issuing a citation as required by [Tennessee Code Annotated] § 55-10-207 within the period of the stop, and instead held him for twenty-seven (27) minutes until a canine trained to detect illegal drugs by scent[] was brought to the scene of the stop to conduct a search of the Defendant's vehicle.

---

[1] The Defendant's written motion did not cite to any authority requiring suppression beyond the constitutional provisions forbidding unreasonable searches and seizures and *Miranda v. Arizona*, 384 U.S. 436, 439 (1966).

2. Whether the evidence presented at the hearing on the Motion to Suppress filed by the Defendant supported the extension of the time of the stop for additional investigation leading to the appearance of the canine based upon the Deputy's testimony of the Defendant's extreme nervousness and his visual observation of the Defendant making movements that suggested he was attempting to hide something in the vehicle, when such testimony is not supported by the dashcam video which shows that the interior of the Defendant's vehicle was not visible from the front seat of the Deputy's vehicle at the time he is checking the driver's license of the Defendant.

On March 29, 2018, the uniform judgment document was filed, and the "Special Conditions" section of the form contained the following comment: "Issues reserved for appeal filed 3-15-18." Although the form contained a box labeled "Pled Guilty - Certified Question Findings Incorporated by Reference," the box checked was the one labeled "Pled Guilty."

The Defendant filed a notice of appeal on May 1, 2018. The State moved to dismiss the appeal on the basis that the question was not properly certified, and this court denied the motion, concluding "that the issues in this appeal should be fully briefed to ensure adequate review." The State subsequently filed a brief arguing that the appeal should be dismissed both because the notice of appeal was not timely filed and because the requirements of Rule 37(b) of the Tennessee Rules of Criminal Procedure had not been met. The Defendant did not file a reply brief but asserted at oral argument that the question was properly certified.

## ANALYSIS

The State contends that this appeal must be dismissed both because the notice of appeal was not timely and because the question was not properly certified. The Defendant has not addressed the State's argument regarding the timeliness of the notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) ("We take this opportunity to encourage litigants that the more proper and efficient practice for a party seeking a waiver of the timeliness of the notice of appeal is to file a motion with this court requesting the waiver pursuant Tennessee Rule of Appellate Procedure 4(a)."). We conclude that the notice of appeal was not timely and that the interest of justice does not demand a waiver of the timeliness requirement because the procedural requirements of Tennessee Rule of Criminal Procedure 37(b) have not been met.

- 4 -

The Defendant appeals under Tennessee Rule of Appellate Procedure 3(b), which permits a defendant to file an appeal on a plea of guilty "if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure." The notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). In computing the time period, if the last day of the period is a Saturday, a Sunday, a statutory legal holiday, or a day on which the court is closed or inaccessible, the time is extended to the next day on which the court is open and accessible. Tenn. R. App. P. 21(a).

The uniform judgment document in this case was filed on March 29, 2018. Thirty days from this date would have been April 28, 2018, a Saturday. Accordingly, the notice of appeal should have been filed by Monday, April 30, 2018. Instead, the notice of appeal was not filed until the following day, May 1, 2018. The notice was untimely.

The requirement to file a timely notice of appeal is not jurisdictional, and this court may waive it "in the interest of justice." Tenn. R. App. P. 4(a). Waiver of the notice requirement is not automatic, and this court bears in mind that reflexively granting waiver would render the timely notice requirement a "legal fiction." *Rockwell*, 280 S.W.3d at 214. "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *Id.* (quoting *State v. Markettus L. Broyld,* No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

We conclude that the interest of justice does not demand waiver of the notice of appeal because Rule 37, "the quagmire of criminal jurisprudence in Tennessee," *State v. Thompson*, 131 S.W.3d 923, 923-24 (Tenn. Crim. App. 2003), and "a trap" for the unwary, *State v. Danny Harold Ogle*, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *4 (Tenn. Crim. App. Jan. 17, 2001), has struck again. In short, in examining the nature of the issues present for review, it is apparent that the certified question was not properly preserved.

Tennessee Rule of Criminal Procedure 37(b)(2) permits an appeal on a plea of guilty if:

> (A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved — with the consent of the state and of the court — the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

- 5 -

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; or

(B) the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c); or

(C) the errors complained of were not waived as a matter of law by the guilty or nolo contendere plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings; or

(D) if there is no plea agreement pursuant to Rule 37(b)(2)(A), the defendant — with the consent of the court — explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)(A)(i)-(ii) are otherwise met.

Tenn. R. Crim. P. 37(b)(2).

We note here that the State argues that the Defendant failed to meet the requirements of Rule 37(b)(2)(A)(i)-(iv), including a statement in the judgment or order averring that the Defendant obtained the consent of the State and a statement that all parties agree the question is dispositive of the case. However, there is nothing in the record to indicate that the Defendant entered into a plea agreement under Tennessee Rule of Criminal Procedure 11(c) or was attempting to reserve the certified question under subsection (b)(2)(A). Instead, the record reflects that the Defendant pled guilty to the offenses as charged. *See* Tenn. R. Crim. P. 11(c)(1)(A)-(C). The signed agreement notes that the prosecutor would not recommend a sentence.

The Defendant did not argue that he was proceeding under Rule 37(b)(2)(D). Nevertheless, if the Defendant was attempting to preserve a certified question under Tennessee Rule of Criminal Procedure 37(b)(2)(D), rather than subsection (b)(2)(A), the Rule would still require him to explicitly reserve the right to appeal the question with the consent of the court, require the "judgment of conviction or order reserving the certified question" to contain a statement of the question preserved for review, and require the preserved question to clearly identify the scope and limits of the reserved legal question. Tenn. R. Crim. P. 37(b)(2)(A)(i)-(ii), (b)(2)(D).

The Tennessee Supreme Court has rejected a standard of substantial compliance with the procedural requirements of the Rule. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). Instead, the requirements are "'explicit and unambiguous.'" *Id.* (quoting *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998)); *see State v. Christopher Christie*, No. M2006-00612-CCA-R3-CD, 2007 WL 152484, at *2 (Tenn. Crim. App. Jan. 18, 2007) (dismissing appeal because the question was not incorporated by reference and because the judgment did not state that the State and trial court had given consent to the preservation of the question or that the parties agreed the question was dispositive).

Here, even if we were to conclude that the document entitled "Issues Reserved for Appeal" was sufficiently incorporated into the judgment by the notation on the judgment form that it was "filed 3-15-18," the record is still void of any indication that the Defendant obtained the consent of the court to reserve the right to appeal the issues after entering a guilty plea, as required by the Rule. *See* Tenn. R. Crim. P. 37(b)(2)(D); *State v. Melissa A. Simmons*, No. M2003-03064-CCA-R3-CD, 2005 WL 468295, at *3 (Tenn. Crim. App. Feb. 23, 2005) (dismissing the case because the record did not indicate that the question was reserved with the consent of the trial court or that the trial judge believed the issue was dispositive of the case). The document in question instead "advises the court" that the issues are being reserved. This does not comport with the "'explicit and unambiguous'" requirements of Tennessee Rule of Criminal Procedure 37. *Armstrong*, 126 S.W.3d at 912 (quoting *Irwin*, 962 S.W.2d at 479). While the trial court may have given its consent to the reservation of the question at the plea hearing, the plea hearing transcript is not part of the record before us, and "the burden is on defendant to see … that the record brought to the appellate courts contains all of the proceedings below that bear upon" the issues presented. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988).

We further note that, under Tennessee Rule of Criminal Procedure 37(b), review is limited to the questions which are identified in the certified question and which were decided by the trial court. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). While we disagree with the State that the Defendant failed to present his argument that the traffic stop was unreasonably prolonged to the trial court, the trial court nevertheless

did not make a ruling on this issue, perhaps because the motion to suppress limited argument on the issue to one phrase and did not contain any citations to legal authority regarding a prolonged traffic stop. The failure to obtain a ruling from the trial court precludes appellate review. *See Preston*, 759 S.W.2d at 650 ("[R]eview by the appellate courts will be limited to those [issues] passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.").

Our jurisdiction to hear the certified question is "predicated upon the [statutory] provisions for reserving a certified question of law." *State v. Jon Michael Johnson*, No. M2014-01834-CCA-R3-CD, 2015 WL 6164009, at *5 (Tenn. Crim. App. Oct. 21, 2015). Failure to properly certify a dispositive question of law results in dismissal. *Preston*, 759 S.W.2d at 650. Because we would in any event be unable to review the certified questions presented for failure to follow the statutory procedural requirements, we conclude that the interest of justice does not demand waiver of the untimely notice of appeal.

## CONCLUSION

Based on the foregoing, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE