IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 24, 2019 Session

**STATE OF TENNESSEE v. ANTONIO BURKHART, ALIAS
ANTONIO MARKEZZEE BURKHART**

**Appeal from the Criminal Court for Knox County
Nos. 110225, 113563         G. Scott Green, Judge**

**No. E2018-01749-CCA-R3-CD**

In two consolidated cases, the Defendant pleaded guilty to three counts of violating the sex offender registry, reserving two certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) regarding the validity of his original judgment and the validity of the reporting requirements. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

Darren V. Berg, Knoxville, Tennessee, for the appellant, Antonio Burkhart, Alias, Antonio Markezzee Burkhart.

Herbert H. Slatery, III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and Nathaniel R. Ogle, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION
I. Facts**

This case arises from the Defendant's violating the sex offender registry on multiple occasions and pleading guilty to such offenses with the reservation of two certified questions of law regarding the validity of his juvenile adjudication for rape of a child and the legality of the sexual offender registry reporting requirements.

In April 2017, the Knox County grand jury initially indicted the Defendant for two counts of violating the sexual offender registry by not disclosing that he had registered

accounts with websites "Plenty of Fish" (Count 1); and "Youtube" (Count 2).

In May 2017, the Defendant moved to dismiss the indictment. He contended that the court in the underlying juvenile delinquency adjudication used a standard of "clear and convincing evidence" rather than a beyond a reasonable doubt standard, as evidenced by the face of the order. The Defendant noted that he had been placed on the sexual offender registry as a result of his juvenile delinquency adjudication and had remained on the registry as an adult by operation of state law, which mandated that he could petition for removal from the registry on his twenty-fifth birthday. To the motion, the Defendant attached the order adjudicating him delinquent. The May 22, 2013 order stated that the juvenile court found "by clear and convincing evidence" that the Defendant committed a delinquent act and declared him an "unruly" child.

The State filed a motion in the Knox County Juvenile Court requesting that it correct the clerical error regarding the standard of proof, which the juvenile court did, finding that "the use of the incorrect terms currently in the order is merely clerical error and oversight." The juvenile court then filed an amended order on July 20, 2017, changing the standard of proof to "beyond a reasonable doubt" and changing the term "unruly" to "delinquent." The State then responded to the motion to dismiss, contending that the legal basis for the Defendant's motion to dismiss was rendered moot. It further contended that the Defendant had been properly placed on the Tennessee Sex Offender Registry after pleading guilty to rape of a child. The State asked that the Defendant's motion to dismiss be denied.

The trial court agreed with the State finding:

On August 10, 2017, this court heard continued argument in support of, and in opposition to, the Motion to Dismiss this case. [The Defendant] is charged with violating the terms and conditions of his supervision on the Sex Offender Registry. [The Defendant] was adjudicated delinquent in Knox County Juvenile Court for the offense of Rape of a Child. As a consequence of his conviction, he registered as a sex offender and was thereafter subject to the dictates of the Tennessee Sex Offender Registry Act. This case results, not from a violation of the juvenile judgment, but rather the failure to comply with a mandated consequence of that judgment. Irrespective of the standard of proof enunciated within the juvenile judgment, the [judgment] adjudicates an act of delinquency which compels placement and compliance with the registry. Accordingly, the Motion to Dismiss premised upon the language found within the juvenile court Order is respectfully, DENIED.

On September 6, 2017, the Defendant filed a motion to pursue an interlocutory

2

appeal pursuant to Tennessee Rule of Appellate Procedure 9, which the trial court granted over the State's objection. The Defendant asked this court to review whether his delinquency adjudication for rape of a child was void on its face. The State argued that the Defendant was improperly attempting to collaterally attack the underlying juvenile adjudication in his prosecution for violating the sexual offender registry requirements.

On April 4, 2018, this court held:

> In the application before this court, the [D]efendant asserts that the underlying juvenile adjudication is void, thereby rendering the registry violation charges a nullity requiring dismissal. The State asserts that the [D]efendant cannot collaterally attack the underlying juvenile court judgment via these proceedings and that the [D]efendant should have filed a petition via the Juvenile Post-Commitment Procedures Act. *See* Tenn. Code. Ann. § 37-1-301, et seq. We agree with the State that the [D]efendant cannot collaterally attack the juvenile adjudication in this matter. That said, we also note that the Tennessee Rules of Juvenile Practice and Procedure provide that "[c]lerical mistakes and errors arising from oversight or omission in orders . . . may be corrected by the court at any time on its own initiative or on motion of any party." Tenn. R. Juv. P. 213 (b)(1). In our view, the juvenile court's July 20, 2017 order corrected any perceived illegality in the original adjudication order.

In accordance with this reasoning, this court denied the Defendant's request for an interlocutory appeal.

In May 2018, the State moved to increase the Defendant's bond, noting that he had been arrested again while on bond in this case. This time, the Defendant had been arrested for being a convicted felon in possession of a weapon and for evading arrest. The trial court increased the Defendant's bond.

On August 1, 2018, the Knox County grand jury indicted the Defendant for again violating the sexual offender registry and for failing to disclose required information to the designated law enforcement agency. The Defendant moved to consolidate all of his cases.

On August 24, 2018, the Defendant filed a second motion to dismiss. In this motion he alleged that the charges against him for violating the sexual offender registry should be dismissed because he had been denied substantive due process. He asserted that no rational basis exists between the State's legitimate interest in preventing the Defendant from engaging in criminal activity with minors and the requirement that he report to the State each year any and all websites for which he has an account where such websites

3

exclude minors, or in the case of "Youtube," prohibiting the Defendant from communication with other account holders. He further contended that there is insufficient nexus between harm and his reporting the possession of a smart phone. The trial court denied this motion.

The Defendant then entered a plea of guilty to three counts of violating the sexual offender registry in exchange for an effective sentence of two years. The Defendant reserved the following two questions of law, which the State, the Defendant, and the trial court all agreed were dispositive:

1. Given the Defendant's three sexual offender registry violations (all three of which he is pleading guilty to) arise from his underlying juvenile delinquency adjudication for rape of a child (thereby rendering him a violent sexual juvenile offender and placing him on the sexual offender registry as an adult and subject to certain of its provisions and reporting requirements), whether the underlying juvenile delinquency adjudication for rape of a child is void on its face?

2. Whether each conviction for violation of the sexual offender registry's reporting requirements violates the due process clause of the 14th Amendment (not sufficiently tailored to promote the State's legitimate interest in seeking to prevent the [D]efendant from engaging in any further criminal sexual conduct with minor children), the Defendant's First Amendment rights (the reporting requirements constitute a substantial chilling effect on First Amendment protected activity), or the Defendant's rights under the law of the land clause of the Tennessee Constitution.

The Defendant filed a timely notice of appeal.

## II. Analysis

### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (alterations in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never dispositive when this Court may exercise the option to reverse and remand. *Wilkes*, 684 S.W.2d at 667. This Court "'is not bound by the

4

determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). This Court must make an independent determination that the certified question is dispositive. *Id*. at 135 (citing *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988)). Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment or conviction occurring as the result of a guilty plea. *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004).

The following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;

> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *Preston*, our supreme court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i) or (iv)." 759 S.W.2d at 650. Failure to properly reserve a certified question of law pursuant to the requirements stated in *Preston* will result in the dismissal of the appeal. *State v. Troy Lynn Woodlee*, No. M2008-01100-CCA-R3-CD, 2010 WL 27883, at *2 (citing *State v. Pendergrass*, 937 S.W.2d 848, 838 (Tenn. 1996), *perm. app. denied* (Tenn. May 20, 2010). The importance of complying with the *Preston* requirements has been reiterated by our supreme court in *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003), which stated that the *Preston* requirements are "explicit and unambiguous," in rejecting the defendant's argument in favor of substantial compliance with Tennessee Rules of Criminal Procedure 37. *Id*. at 912.

5

In the case under submission, we disagree with the State's contention that the Defendant has failed to meet the *Preston* requirements. We hold that the Defendant's issues on appeal meet these requirements: he entered a plea of guilt; the judgment form incorporates the certified questions; and the certified questions are stated so as to identify clearly the scope and limits of the legal issue reserved and are dispositive of the case. Thus, we conclude that the issues are properly before this court.

## B.  Validity of the Juvenile Delinquency Adjudication

The Defendant's first certified question of law contends that his underlying juvenile delinquency adjudication for rape of a child is void on its face. Looking at the face of the original judgment, we conclude it uses the wrong standard of proof.

This court has previously heard and decided this issue in our April 4, 2018 denial of the Defendant's motion for an interlocutory appeal. We stated:

> [T]he [D]efendant cannot collaterally attack the juvenile adjudication in this matter. That said, we also note that the Tennessee Rules of Juvenile Practice and Procedure provide that "[c]lerical mistakes and errors arising from oversight or omission in orders . . . may be corrected by the court at any time on its own initiative or on motion of any party." Tenn. R. Juv. P. 213 (b)(1). In our view, the juvenile court's July 20, 2017 order corrected any perceived illegality in the original adjudication order.

"Under the doctrine of the law of the case, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand by the trial court and by an appellate court on a second appeal." *State v. Carter*, 114 S.W.3d 895, 902 (Tenn. 2003) (citing *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (internal citations omitted). Accordingly, this court is bound by our previous determination, which we maintain is a good interpretation of the law and facts as applicable to this case.

## C. Constitutionality of Sexual Offender Registry Requirements

In his second certified question of law, the Defendant contends that the sexual offender registry's reporting requirements violate the due process clause of the 14th Amendment (not sufficiently tailored to promote the State's legitimate interest in seeking to prevent the [D]efendant from engaging in any further criminal sexual conduct with minor children), the Defendant's First Amendment rights (the reporting requirements constitute a substantial chilling effect on First Amendment protected activity), and the Defendant's rights under the law of the land clause of the Tennessee Constitution. The

State contends that this question is overbroad and not properly crafted, precluding our review.

At oral argument, counsel for the Defendant indicated he wished to withdraw this certified question of law from appellate consideration. As such, we need not address it in this opinion.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE